IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **EVANSTON INSURANCE COMPANY** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| **KINSALE INSURANCE COMPANY,** | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

**TO THE HONORABLE JUDGE OF THIS COURT:**

COMES NOW, Plaintiff Evanston Insurance Company, as successor by merger to Essex Insurance Company ("Evanston"), and files this, its Original Complaint for Declaratory Relief against Kinsale Insurance Company ("Kinsale") and would respectfully show the Court the following:

## I.
## PARTIES

1. Plaintiff Evanston Insurance Company, as successor by merger to Essex Insurance Company, is a corporation organized under the laws of the State of Illinois with its principal place of business in Illinois.

2. Defendant Kinsale Insurance Company is a corporation organized under the laws of the State of Arkansas with its principal place of business in Richmond, Virginia. Kinsale is an eligible surplus lines insurer, but it does not have a registered agent for service of summons in Texas. Under Chapter 804 of the Texas Insurance Code, the Texas Secretary of State is designated as the registered agent for Kinsale. The Texas Secretary of State may be served at the following address: James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701.

## II.
## JURISDICTION

3. The jurisdiction of this Court over the subject matter of this action is predicated on Fed. R. Civ. P. 57 and 28 U.S.C. §2201. This matter is properly before this Honorable Court under 28 U.S.C. §2201 as complete diversity exists between the parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## III.
## VENUE

4. Venue is proper in this matter pursuant to 28 U.S.C. §1391 as the contracts for insurance were issued to the insured in this district, and the underlying lawsuit giving rise to this dispute is pending in this district, thus a substantial part of the events or omissions giving rise to the claims occurred in this district, and within this division of this district.

## IV.
## BACKGROUND FACTS

5. This insurance coverage declaratory judgment action arises out of a lawsuit pending in Hidalgo County, Texas, styled *VCC, LLC v. Pharr-San Juan-Alamo Independent School District*, Cause No. C-1269-16-B, in the 93rd District Court, Hidalgo County, Texas (the "VCC Lawsuit"). In the VCC Lawsuit, VCC, LLC ("VCC") sued Pharr-San Juan-Alamo Independent School District ("PSJA") for non-payment of amounts allegedly due under a contract for the construction of PSJA Southwest Early College High School ("SHS Project") and Escalante Middle School ("Escalante Project").

6. In response to the VCC Lawsuit, PSJA filed a counterclaim against VCC alleging defective work performed by VCC and its subcontractors and resulting property damage (the "PJSA Counterclaim"). Further counterclaims, cross-claims, and third-party claims have been filed in the VCC Lawsuit such that the subcontractors of VCC alleged to have performed

defective work have been included as parties to the action, including, as relevant to this Complaint, NM Contracting, LLC ("NM").

7. In Counter-Plaintiff PSJA's Third Amended Original Counterclaim filed in the VCC Lawsuit it is alleged with respect to the Escalante Project that:

11A. Each of the subcontractors on the Escalante Project ("Escalante sub") completed some part or all of the subcontractor's work during and from the inception of the project through substantial completion; the work of each Escalante sub was defective when the Escalante sub was working at the Escalante project and on the Escalante project and throughout the construction and installation process, and such defective work caused and is causing immediate and continuous damages to the school that includes, but is not limited to, damages to the work performed by other Escalante subs; these resulting damages occurred and arose as soon as the work was performed; and as a result of the negligent and defective work by each Escalante sub, damages have been continuous and ongoing, continuing each year from inception of the project to the present, affecting and damaging materials and work of other subs at the school; and as a result of the negligent and defective work by each Escalante sub, the District will incur repair and/or replacement costs that are damages resulting from such negligence and such damages include, but are not limited to, rip and tear damages to the work of other Escalante subs, in order to correct the negligence of each of the Escalante subs described herein and in order to correct the defects created by that negligence and to end the continuing damages being suffered by the School District.

11B. The inception of the Escalante Project began at least on and by April 26, 2011 and the project continued at least through September 24, 2012.

12. Each of the following named Counter-Defendants were subcontractors to Vratsinas Construction Company and VCC, LLC on the Escalante Project and each of them negligently caused defective work to be performed on that Project and damaged the property of PSJA ISD and also damaged the work of others that was not otherwise defective, resulting in property damage and necessitating repairs, not only to the defective work, but also to the work of others which was affected by such negligence. Pharr-San Juan-Alamo Independent School District seeks compensation for those damages from each of these Counter-Defendants for the damages their negligence inflicted upon the District. The negligent Counter-Defendants who were subcontractors to Vratsinas Construction Company and VCC, LLC on the Escalante Project and whose negligence caused damages to PSJA ISD are: …

12.2  NM Contracting LLC, a Texas corporation, has made its appearance herein
…

7. In Counter-Plaintiff PSJA's Third Amended Original Counterclaim filed in the VCC Lawsuit it is alleged with respect to the SHS Project that:

> 14A. Each of the subcontractors on the SHS Project ("SHS sub") completed some or all of the subcontractor's work from the inception of the project through substantial completion; the work of each SHS sub was defective when the SHS sub was working at the SHS project and on the SHS project and throughout the construction and installation process, and such defective work caused and is causing immediate and continuous damages to the school that includes, but is not limited to, damages to the work performed by other SHS subs; these resulting damages occurred and arose as soon as the work was performed; and as a result of the negligent and defective work by each SHS sub, damages have been continuous and ongoing, continuing each year from inception of the project to present, affecting materials and work of other subs at the school; and as a result of the negligent and defective work by each SHS sub, the District will have to incur repair and/or replacement costs that are damages resulting from such negligence and such damages include, but are not limited to, rip and tear damages to the work of other SHS subs, in order to correct the negligence of each of the SHS subs described herein and in order to correct the defects created by that negligence and to end the continuing damages being suffered by the School District.
>
> 14B. The inception of the SHS Project began at least on and by May 19, 2009 and the project continued at least through March 9, 2011.
>
> 15. Each of the following named Counter-Defendants were subcontractors to Vratsinas Construction Company and VCC, LLC on the SHS Project and each of them negligently caused defective work to be performed on that Project that damaged the property of PSJA ISO and also damaged the work of others that was not otherwise defective, resulting in property damage and necessitating repairs, not only to the defective work, but also to the work of others which was affected by such negligence. Pharr-San Juan-Alamo Independent School District seeks compensation for those damages from each of these Counter-Defendants for the damages their negligence inflicted upon the District. The negligent Counter-Defendants who were subcontractors to Vratsinas Construction Company and VCC, LLC on the SHS Project and whose negligence caused damages to PSJA ISD are: …
>
>> 15.11. NM Contracting LLC, a Texas corporation, has made its appearance herein
>> …

8. In Counter-Plaintiff PSJA's Third Amended Original Counterclaim filed in the VCC Lawsuit, PSJA seeks the following relief:

> Counter-Plaintiff PSJA ISD prays that Counter-Plaintiff have judgment against the Counter-Defendants Vratsinas Construction Company and VCC, LLC and their

subcontractors for actual damages including direct, incidental and consequential damages, actual costs of court, prejudgment interest, post-judgment interest and for all the other relief to which Counter-Plaintiff PSJA ISD is justly entitled.

9. In addition, VCC itself has filed cross-claims and a Third-Party Petition against the subcontractors identified by PJSA in PSJA's Third Amended Original Counterclaim, including NM.  In VCC's cross-claims and Third-Party Petition against NM and other subcontractors, VCC alleges that, while it denies the allegations of defective workmanship made by PSJA in PSJA's Original Counterclaims, VCC filed the cross-claims and Third-Party Petition in the event it is found liable for defective work performed by any subcontractor on the Escalante Project or the SHS Project.  VCC further alleges that "[w]hile VCC denies [PSJA's] claims, the [subcontractors, including NM] breached their subcontracts with VCC in the event it is determined their respective scopes of work were defectively installed or failed to comply with their scope of work damaged the work performed by VCC, or damaged the work of any other subcontractor", and "[w]hile VCC denies [PSJA's] claims, VCC in entitled to contractual indemnity in the event it is determined their respective scopes of work were defectively installed or failed to comply with their scope of work damaged the work performed by VCC, or damaged the work of any other subcontractor."

## V.
## INSURANCE POLICIES

10. Evanston issued one commercial general liability insurance policy to NM. Commercial General Policy No. 3DJ3951 incepted on July 25, 2012 and expired on July 25, 2013 (the "Evanston Policy").  The Evanston Policy provides limits of $1 million per each occurrence, subject to a products-completed operations aggregate limit of $1 million.

11. Upon information and belief, Kinsale issued one general liability insurance policy to NM.  Commercial General Liability Policy No. 0100013557-0 incepted on August 6, 2013

and expired on August 6, 2014 (the "Kinsale Policy"). The Kinsale Policy provides limits of $1,000,000 per each occurrence, subject to a $2 million products-completed operations aggregate limit.

12. NM tendered the defense of the lawsuit to Evanston, Kinsale, and Seneca Specialty Insurance Company ("Seneca"), which insured NM from July 23, 2011 to July 23, 2012. Originally, each insurer, including Kinsale, agreed to defend NM. Evanston has agreed to defend NM, subject to a full and complete reservation of rights. Seneca has also agreed to defend NM.

13. However, on May 19, 2017 and May 24, 2017, Kinsale wrote to NM to express its intent to withdraw from NM's defense. Kinsale has now withdrawn from NM's defense and denies that it owes any duty to defend NM with respect to the claims and causes of action asserted against NM in the VCC Lawsuit.

## VI.
## CAUSE OF ACTION – DECLARATORY RELIEF

14. Evanston re-alleges and incorporates by reference the allegations contained above in paragraphs 1- 13.

15. An actual controversy exists between Evanston and Kinsale as to whether Kinsale owes a duty to defend NM with respect to the VCC Lawsuit under the Kinsale Policy

16. Evanston seeks a declaration of this Court, pursuant to 28 U.S.C. §§ 2201 *et seq.* and Federal Rule of Civil Procedure 57, that Kinsale has a duty to defend NM against the claims and causes of action asserted by PSJA and VCC against NM in the VCC Lawsuit.

17. Evanston is entitled to this declaration because, when comparing the allegations of the claims and causes of action asserted against NM in the VCC Lawsuit to the coverage

terms and provisions of the Kinsale Policy, the potential exists that NM's liability, if any, to either PSJA or VCC may be covered under the Kinsale Policy.

## VII.
## CAUSE OF ACTION – CONTRIBUTION

18. Evanston incorporates the allegations of Paragraphs 1 through 17 as if fully set forth herein.

19. Evanston, Seneca, and Kinsale are equally obligated to defend NM against the VCC Lawsuit under their respective policies.

20. Despite the fact that Evanston has tendered the VCC Lawsuit to Kinsale for defense of NM, Kinsale has not resumed the defense of NM, nor contributed to the cost of such defense.

21. Because Kinsale has breached its obligation to defend NM against the VCC Lawsuit under the Kinsale Policy, Evanston has incurred and continues to incur costs to defend NM against the VCC Lawsuit.

22. Evanston is entitled to contribution from Kinsale for one-third (1/3) of all costs incurred in the defense of NM against the VCC Lawsuit through such time as judgment is rendered.

## VIII.
## BREACH OF CONTRACT (SUBROGATION)

23. Evanston incorporates the allegations of Paragraphs 1 through 22 as if fully set forth herein.

24. Evanston has made payments on behalf of NM to defend NM against the VCC Lawsuit under the Evanston Policy.

25. Evanston is contractually and equitably subrogated to NM's rights against Kinsale pursuant to the Evanston Policy and applicable law.

26. NM has a right to recover damages from Kinsale for breach of contract due to Kinsale's failure to defend NM against the VCC Lawsuit in breach of the Kinsale Policy.

27. As subrogee of NM, Evanston is entitled to recover damages from Kinsale for breach of contract in the amount of one-third (1/3) of all costs incurred in the defense of NM against the VCC Lawsuit through such time as judgment is rendered in this case.

## IX.
## ATTORNEYS' FEES

28. Evanston has been forced to hire the undersigned attorneys to prosecute this claim. Evanston requests an award of its reasonable and necessary attorneys' fees pursuant to Chapter 38 of the Texas Civil Practices and Remedies Code arising out of Kinsale's breach of its policy with NM.

## X.
## REQUEST FOR JURY TRIAL

29. Evanston requests a jury trial on all issues so triable.

## XI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Evanston Insurance Company respectfully prays that Defendant be cited to appear and answer this lawsuit, and that this Court enter a judgment against Defendant for the following:

1. A declaration that Kinsale Insurance Company has a duty to defend NM against the claims in the VCC Lawsuit;

2. Damages to be awarded in favor of Evanston for Kinsale Insurance Company's share of defense costs incurred by Evanston as a result of Kinsale Insurance Company's breach of its duty to defend NM against the claims asserted in the VCC Lawsuit.

3. Evanston's costs, expenses and attorneys' fees in pursuing this action for declaratory relief from Kinsale Insurance Company.

4. All other relief to which Evanston is entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: *s/Rodrigo Garcia, Jr.*
    RODRIGO "DIEGO" GARCIA, JR.
    Attorney-In-Charge
    State Bar No. 00793778
    Southern District Bar No. 782726
    E-Mail: dgarcia@thompsoncoe.com
    CHRISTOPHER H. AVERY
    Of Counsel
    State Bar No. 24069321
    Southern District Bar No. 1048591
    E-Mail: cavery@thompsoncoe.com
One Riverway, Suite 1400
Houston, TX 77056
Telephone: (713) 403-8210
Telecopy: (713) 403-8299

**ATTORNEYS FOR PLAINTIFF**
**EVANSTON INSURANCE COMPANY**